# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Judith Sullivan,<br><br>　　　　　　Plaintiff<br>v.<br><br>Valentine & Kebartas, Inc.,<br><br>　　　　　　Defendant | FILED ELECTRONICALLY |

## **COMPLAINT**

### I. Introduction

1.	This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

### II. Jurisdiction and Venue

2.	Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3.	Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4. Plaintiff, Judith Sullivan, is a natural person residing at 61 Juniper Way, Hawley, PA  18428.

5. Defendant, Valentine & Kebartas, Inc., ("The Collector") is a corporation engaged in the business of collecting debts in this state with a place of business located at 15 Union Street, Lawrence, MA 01840.

6. The Collector is a "debt collector" as defined by the Act, 15 U.S.C. § 1692a(6).

### IV. Statement of Claim

7. On or before September 15, 2008, the Collector began attempting to collect an alleged account ("the Account") from Plaintiff.

8. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. §1692a(5).

9. The collector regularly uses the telephone and mails to attempt to collect consumer debts alleged to be due another.

10. On September 15, 2008, the Collector caused a telephone call ("*the Call*") to be placed to phone number (570) 226-8481.

11. The aforementioned phone number was assigned to the address identified in paragraph 4 at all times relevant to this matter.

12. During *the Call*, an employee of the Collector left a message ("*the Message*") for Plaintiff.

13. 15 U.S.C. § 1692e(11) requires a debt collector to disclose that the communication is from a debt collector in each communication with a consumer.

14. In *the Message,* the caller failed to disclose that the call was from a debt collector.

15. In *the Message,* the caller failed to provide the disclosure required by 15 U.S.C. § 1692e(11).

16. 15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

17. 15 U.S.C. § 1692e(2) prohibits a debt collector from using any false or deceptive representation regarding the character, amount or legal status of the alleged debt as a means to collect the debt.

18. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect a debt or obtain location information about a consumer.

19. In *the Message,* the caller stated, substantially as follows: "This message is for Judy Sullivan. Eddie Shore. Valentine & Kebartas, Inc. Important you return the call. 1-800-731-776 extension 279. Trying to get in contact with you in regards to your case here, a pending legal matter that we have, case number 7678577."

20. The caller's references to a case number and a "pending legal matter" were false and deceptive, in that they created the false impression that a lawsuit had already been initiated by the Collector against Plaintiff.

21. The statements referenced in paragraph 19 violated 15 U.S.C. § 1692e(2).

22. The statements referenced in paragraph 19 are a threat to sue Plaintiff.

23. At the time *the Message* was left for Plaintiff, the Collector did not have the authority to sue Plaintiff.

24. At the time *the Message* was left for Plaintiff, the Collector did not have the intent to sue Plaintiff.

25. It is believed, and therefore averred, that the Collector is not licensed to practice law in the Commonwealth of Pennsylvania.

26. The statements referenced in paragraph 19 created a false sense of urgency that Plaintiff was required to take immediate action to avoid dire consequences.

27. The statements referenced in paragraph 19 were false and deceptive, in that they created the false urgency, in an attempt to garner a return call or payment from Plaintiff.

28. The Collector never sued Plaintiff to collect the Account.

29. The statements referenced in paragraph 19 violated 15 U.S.C. § 1692e(5).

30. The statements referenced in paragraph 19 violated 15 U.S.C. § 1692e(10).

31. *The Call* and *Message* were attempts to collect the Account.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

## V. Demand for Jury Trial

32. Plaintiff demands a trial by jury as to all issues so triable.

                        Respectfully Submitted,

                        <u>s/ Kenneth W. Pennington</u>
                        Kenneth W. Pennington
                        Bar Number PA 68353
                        Attorney for Plaintiff
                        Sabatini Law Firm
                        142 N. Washington Ave., Ste 800
                        Scranton, PA  18503-2218
                        Phone (570) 341-9000
                        Facsimile (570) 504-2769
                        Email kpecf@bankruptcypa.com